UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ERIC LETT,** on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**SURROUND PROTECTION & INVESTIGATIONS, LLC,** and **LONNIE FOSTER,** Individually**,**<br><br>Defendants. | **CASE NO.:** |

# COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ERIC LETT, on behalf of himself and others similarly situated, ("Plaintiff"), was an employee of Defendants, SURROUND PROTECTION & INVESTIGATIONS, LLC and LONNIE FOSTER, individually, (collectively referred to as "Defendants"), by and through the undersigned counsel brings this action for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation and liquidated damages for Plaintiff and similarly situated employees whom have worked under the title "Security Officer" for Defendants.

2. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute this FLSA claim as a collective action on behalf of all persons whom are currently or were formerly employed by Defendants during or after December 2013 ("the class members").

3. Plaintiff alleges, on behalf of himself and the class members, that he is entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a work week as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

5. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. At all times pertinent to this Complaint (2013-2016), Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

**PARTIES**

7. Plaintiff was a security officer and performed related activities for Defendant in the City of Douglasville, Douglas County, Georgia.

8. Defendant, SURROUND PROTECTION & INVESTIGATIONS, LLC (hereinafter "Surround"), is a Georgia Corporation which operates, conducts business and has its headquarters in Douglas County, Georgia, therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

9. Defendant, LONNIE FOSTER (hereinafter "Foster"), is a corporate officer of, and exercised operational control over the activities of corporate Defendant, Surround, and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## FACTUAL ALLEGATIONS

10.   Defendants, at all material times relevant to this action (2013 – 2016)[1], were employers as defined by 29 U.S.C. §203.

11.   Defendant, Foster, is the corporate officer, owner and acting manager of corporate Defendant Surround with the power to: (a) hire and fire Plaintiff; (b) supervise and control Plaintiff's work schedule or conditions of employment; (c) determine Plaintiff's rate and method of payment; and (d) maintain employment records.

12.   Defendants, each, controlled and/or were responsible for the work of Plaintiff.

13.   Plaintiff was an employee of Defendants and was, at all times relevant to the violations of the FLSA, engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

14.   At all material times relevant to this action, Defendant Surround was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15.   At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

---

[1] All references to material times relevant to this action shall mean to encompass from 2013 through 2016.

4

16. At all material times relevant to this action, the Defendants had two (2) or more employees engaged in commerce, producing goods for commerce, handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce, (i.e., internet, telephone, digital video, remote monitoring, as well as other new technologies).

17. At all material times relevant to this action, Defendants had two (2) or more employees routinely ordering materials or supplies from out-of-state vendors, and had transactions with out-of-state persons.

18. At all material times relevant to this action, the Defendants have been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

19. At all material times relevant to this action, Defendants have also used the telephone or computers to place and accept business calls.

20. Defendants provide professional security of unarmed and armed security officers for apartment complexes, condominiums, and commercial businesses in retail establishments.

21. Defendants hired Plaintiff and others similarly situated to perform unarmed and armed professional security work for apartment complexes, condominiums, and commercial businesses in retail establishments.

22. Plaintiff and others similarly situated are required to arrive at their designated location of service, and perform services, including, but not limited to, monitor entrance of property through surveillance, identify visitors and ask for appropriate documents, guard against theft and maintain security, respond to alarms and calls of distress, stop suspicious people and ask for identification, answer telephone calls to take messages, answer questions and provide information during non-business hours or when switchboard is closed, report rule infractions and violations, inspect windows and doors to ensure locks are in place and working, inspect and adjust security systems, equipment, and machinery to ensure operational use, and regulate and monitor building systems.

23. Plaintiff and the class worked well over forty (40) hours per week. Typically, Plaintiff worked above sixty (60) hours per week without overtime compensation.

24. There is virtually no opportunity for Plaintiff and the class members to work for any other security company or to perform any other work while working for Defendants.

25. Plaintiff did not provide any of his own supplies in order to perform his job duties.

26. Plaintiff received instructions from Defendants.

27. Plaintiff followed instructions from Defendants in order to perform his job.

28. Defendants' primary service is to provide security.

29. Plaintiff's primary job was to act as a security officer for Defendants.

30. Plaintiff worked as a security officer for the Defendants.

31. Plaintiff worked in this capacity from approximately December 2015 through April 2016.

32. Plaintiff was paid $9.00 per hour in exchange for work performed.

33. Plaintiff routinely worked in excess of forty (40) hours per week as part of the regular job duties.

34. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half his regular rate of pay for hours worked over forty (40) in a workweek.

## COLLECTIVE/CLASS ALLEGATIONS

35. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they provided professional security, unarmed and armed, for apartment complexes, condominiums, and commercial businesses in retail establishments.

36. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

37. Plaintiff and the class members were all classified as independent contractors.

38. Plaintiff and the class members were all paid through a tax form 1099.

39. Plaintiff and the class members should have been classified as employees.

40. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

41. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that security officers were paid for all overtime hours worked based on the Defendants' failure to credit the security officers with all hours worked.

42. This policy or practice was applicable to Plaintiff and the class members.

43. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or

practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

44. Accordingly, the class members are properly defined as:

**All security officers whom worked for Defendant, SURROUND PROTECTION & INVESTIGATIONS, LLC**, **within the last three (3) years.**

45. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

46. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

47. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

48. Defendants were aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

49. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

50. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

51. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST SURROUND PROTECTION & INVESTIGATIONS, LLC

52. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 - 51 above as though fully stated herein.

53. Plaintiff, and other similarly situated employees, worked for Surround at various locations and times from 2013 to 2016 as security officers throughout Georgia.

54. Throughout Plaintiff's employment, Surround repeatedly and willfully violated 29 U.S.C. §§ 207, *et seq.* and 29 U.S.C. §§ 215, *et seq.* of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not

less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

55. Plaintiff, and other similarly situated employees, was/were entitled to be paid time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week.

56. During employment with Defendants, Plaintiff, and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

57. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and other similarly situated employees time and one-half the regular rate of pay for each hour worked in excess of forty (40) hour per work week in one or more work weeks, Plaintiff, and other similarly situated employees, have suffered damages plus incurred reasonable attorneys' fees and costs.

58. As a result of Defendants' willful violation of the FLSA, Plaintiff, and other similarly situated employees, are entitled to liquidated damages.

WHEREFORE, Plaintiff, ERIC LETT, on behalf of himself and others similarly situated, demands judgment against SURROUND PROTECTION & INVESTIGATIONS, LLC, and LONNIE FOSTER, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours

worked by Plaintiff, and other similarly situated employees, for which Defendants did not properly compensate Plaintiff and the class members, liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre-and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST LONNIE FOSTER

59. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 - 51 above as though fully stated herein.

60. Defendant Foster is the Owner and President of SURROUND PROTECTION & INVESTIGATIONS, LLC.

61. Defendant Foster is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

62. Defendant Foster had the power to hire and fire Plaintiff.

63. Defendant Foster supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

64. Defendant Foster determined Plaintiff's rate and method of payment.

65. Defendant Foster maintained employment records.

66. As such, Defendant Foster is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, ERIC LETT, on behalf of himself and others similarly situated, demands judgment against SURROUND PROTECTION & INVESTIGATIONS, LLC, and LONNIE FOSTER, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly situated employees, for which Defendants did not properly compensate Plaintiff and the class members, liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre-and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff on behalf of himself and others similarly situated, hereby demands a trial by jury of all issues so triable.

[*Signature on Following Page*]

Respectfully submitted,

/s/ Carlos V. Leach
Carlos V. Leach, Esq.
GA Bar No.:  488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404)  965-8811
Fax:   (404)  965-8812
E-mail:      CLeach@forthepeople.com
*Attorneys for Plaintiff*